**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA              PLAINTIFF

v.          No. 4:04CR00291-03 JLH

DONALD LEE BONE                 DEFENDANT

**ORDER**

    Donald Lee Bone has filed a motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2), based upon Amendment 706 to the United States Sentencing Guidelines, which lowered the base offense level for crack cocaine offenses, and Amendment 711, which identified Amendment 706 as an amendment that may be applied retroactively, effective March 3, 2008.[1] For the reasons explained below, the Court concludes that the defendant's motion must be denied.

    Bone entered a plea of guilty to one count of conspiracy to distribute more than 5 grams of cocaine base, a Class B felony, in violation of 21 U.S.C. § 846. It was determined that Bone was a career offender, so his sentencing guideline range was determined by U.S.S.G. § 4B1.1(b)(B). His base offense level, as determined by that guideline provision, was 34. His criminal history category was VI. He received a 3 level reduction for acceptance of responsibility, which resulted in an offense level of 31. For an offense level of 31 and the criminal history category of VI, the guideline imprisonment range is 188 to 235 months. Pursuant to a U.S.S.G. § 5K1.1 motion, the Court granted a 50% downward departure and imposed a sentence of 94 months incarceration in the Bureau of Prisons.

---

  [1] *See* U.S.S.G. App. C, Amend. 706, incorporated in U.S.S.G. § 2D1.1 (supp. May 1, 2008) and App. C, Amend. 711, incorporated in U.S.S.G. § 1D1.10 (supp. May 1, 2008).

Amendment 706 reduces the guideline range for crack cocaine offenses by amending U.S.S.G. § 2D1.1, the drug quantity table used to compute sentences for such offenses. As noted above, the United States Sentencing Commission has subsequently identified Amendment 706 as an amendment that will be given retroactive application. *See* U.S.S.G. § 1B1.10(c). However, Bone's sentence was not based upon or effected by the drug quantity table in U.S.S.G. § 2D1.1. Bone was found to be a career offender, so his guideline sentencing range was based on U.S.S.G. § 4B1.1(b). That guideline section has not been amended. Had Amendment 706 been in effect at the time Bone was sentenced, it would not have changed his original guideline range nor would it have changed the ultimate sentence imposed after granting a 50% downward departure. Because Bone's sentencing guideline range was not determined or effected by the drug quantity table in U.S.S.G. § 2D1.1, he is not eligible for a sentence reduction based on the retroactive amendments to the drug quantity table. *See United States v. Tingle*, 524 F.3d 839 (8th Cir. 2008); *United States v. Thomas*, 524 F.3d 889 (8th Cir. 2008); *United States v. Rowland*, 2008 WL 2662462 (E.D. Ark., June 27, 2008). Therefore, the motion for retroactive application of the amended sentencing guidelines is DENIED. Document #729.

IT IS SO ORDERED this 25th day of July, 2008.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE